**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **WILLIAM A. MALONE, # B-52858,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 16-cv-200-SMY** |
| | ) | |
| **JACQUELINE LASHBROOK,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Some of the matters included in Plaintiff's Complaint overlap with the claims he raised in *Malone v. Heidemann, et al.*, Case No. 15-cv-1104-MJR-SCW (S.D. Ill., filed Oct. 6, 2015). However, Plaintiff also raises a number of claims unrelated to that earlier-filed case and includes numerous other Defendants. These claims include retaliation, inadequate medical care, denial of access to the law library and excessive force, among others. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff names 53 individuals as Defendants in this action as well as the Orange Crush shakedown team, the Pinckneyville Law Library, Wexler Health Care Services, the Illinois Department of Corrections ("IDOC") and Unknown Parties. The Complaint spans 90 pages, the majority of which consists of various documents put forth as exhibits.

Plaintiff's statement of claim is only two pages long. It appears to be a listing of a number of grievances Plaintiff has filed (Doc. 1, pp. 13-14). The narrative consists of 42

individually dated statements of alleged constitutional violations, presented in more or less chronological order, encompassing incidents from September 2013 through September 2015. Most of these accounts are presented in cursory fashion with little detail. Some claims identify the particular Defendants allegedly responsible, but others do not. The Court will dissect the claims as much as possible for review purposes.

The first claim states, "2/13/14 & 1/12/14 – Retaliation by State Employees for Complaints Filed, Counselor Fritts." Plaintiff also mentions another incident of retaliation on 5/13/14, where he claims a prison official planted contraband in his cell, but he does not identify the perpetrator (Doc. 1, p. 13).

A number of the statements complain about the action or inaction of prison medical staff. On 3/1/14, Defendants Brown and Shah refused Plaintiff's chronic medication, claiming the IDOC has video footage of Plaintiff playing basketball (Doc. 1, p. 13). He includes several other incidents (1/14/14, 1/16/14, 4/14/14, 5/28/14, 10/4/14, and 4/11/15) where he was not given medication, involving Defendants Brown, Rector, Marsh Hill and Shah (Doc. 1, pp. 13-14). On 12/1/14, unnamed health care staff "refused to repair broken tooth emergency" (Doc. 1, p. 14). On 2/1/15, Defendants Shah, Christine Brown and Stacey Brown "refused emergency," and on 7/14/15, Defendants Shah and Laura "refused Plaintiff emergency service." *Id.*

Plaintiff notes several incidents of loss of his personal property or funds. On 1/14/14 Defendant C/O Hill witnessed the theft of $250 worth of Plaintiff's personal property, and on 1/21/14, C/O Bowerman[1] confiscated three of Plaintiff's detergent bottles. On two occasions (3/22/14 and 6/11/14), some of his "indigent funds" were "confiscated" or "stolen" by the prison administration. He also claims in an entry dated 6/12/14 that the commissary overcharged him

---

[1] Plaintiff omitted C/O Bowerman from his list of Defendants. As it appears that Plaintiff intended to assert a claim against him, the Clerk shall be directed to add C/O Bowerman as a party Defendant.

by 7% over three and a half years (Doc. 1, p. 14).

Defendant Belford was allegedly responsible for the following violations; these claims overlap with Plaintiff's earlier-filed suit now pending in this Court under *Malone v. Heidemann, et al.*, Case No. 15-cv-1104-MJR-SCW (S.D. Ill., filed Oct. 6, 2015).[2] On 1/16/14, Defendant Belford told Plaintiff that he stopped Plaintiff's transfer to another prison, and that regardless of where Plaintiff was moved, he or his co-workers would be able to "get" him. From 9/16/13 onward, Defendant Belford repeatedly spread lies to other inmates and prison employees, creating a hostile and life-threatening environment (Doc. 1, p. 13). On 4/22/14, Defendant Belford attacked Plaintiff in the chow hall, witnessed by Defendant Lawless (Doc. 1, p. 14). On 6/20/14, Defendant Belford displayed one of Plaintiff's grievances and stated that it would look good on his walls at home. Defendant Lively took the grievance from Defendant Belford, and Defendants Flatt, Gabby, and Hoff witnessed the incident.

From 11/19/13 through 1/7/14, Plaintiff claims he had no access to the law library (Doc. 1, p. 13). Later, on 2/14/15, when an elevator was broken, he could only access the law library by sliding on his buttocks up two flights of stairs. On 4/14/15, he was denied access to the law library again, which may have affected deadlines (Doc. 1, p. 14).

Plaintiff provides the most detail in describing a 3/24/14 encounter with the Defendant Orange Crush team. Orange Crush officers cuffed Plaintiff's hands behind him, pushed his head down between his knees, and shoved his wheelchair so that his head and knees hit a brick wall. They poked him in the back with a blackjack stick, and spit and yelled at him. They kicked his wheelchair so that it almost tipped over, and grabbed Plaintiff by the back of his neck to keep the

---

[2] The merits review order in Case No. 15-1104 permitted Plaintiff to proceed with Eighth Amendment claims against Belford, Spiller, Furlow, Lind, and Lawless, and a retaliation claim against Belford (Doc. 22 in Case No. 15-1104-MJR-SCW, S.D. Ill., July 21, 2016). Those claims arose from the same 4/22/14 and 6/20/14 incidents described in the instant complaint, as well as from assaults by Plaintiff's cellmate against him in September 2015.

chair upright.  He was forced to remain in the same position for an hour and 40 minutes, during which he had to urinate and defecate on himself.  When he returned to his cell, he learned that all of his personal property was destroyed (Doc. 1, p. 13).

On 10/9/14, Defendant Selby destroyed or discarded Plaintiff's bible concordance, with the approval of Defendant Malcome.  On 7/30/15, Defendant Duvall denied Plaintiff access to religious services.

Plaintiff further claims that Defendant Selby, on 10/10/14, threatened to take Plaintiff to segregation if he asked to remain in the shower for more than 15 minutes.

A number of Plaintiff's claims relate to the alleged denial of rights under the Americans with Disabilities Act ("ADA").  Plaintiff needs a wheelchair to mobilize.  He asserts that as of 10/10/14, the administration "continues to not provide ADA programs for ADA [prisoners]" (Doc. 1, p. 14).  On 12/1/14, he was refused proper clothing for winter weather.  On 12/30/14, Plaintiff notes that the prison "refused all ADA's Plaintiff EEOC jobs for Plaintiff."  *Id*.  On 1/2/15, Defendant Bailey falsely told Plaintiff that ADA inmates are limited to one shower per week, and threatened him with segregation if he requested more.  On 2/17/15, Defendant Bailey refused Plaintiff an "ADA shower."  *Id*.  Finally, on 9/29/15, he states that IDOC, AFSCME members, and Defendant Wexler HCSC "conspire[d] against Plaintiff to Gravely Impact Incarcerated ADA's."  *Id*.

Plaintiff includes another claim against Defendant Bailey, for issuing false disciplinary reports (IDR's) against him on 8/29/15.  He also accuses Defendants Winberry and Vanzandt of issuing the false IDR's.

Plaintiff includes several other miscellaneous allegations.  He claims that from 12/13/13 to date, unnamed parties "forced Plaintiff to reside in hostil[e] life threatening" (he did not finish

the sentence) (Doc. 1, p. 13).  For 1/15/14, he notes, "Violation brunch program forced upon Plaintiff." *Id.*  On 1/27/15, an elevator malfunctioned and dropped eight feet, throwing Plaintiff to the floor.  On 5/5/15, the "Admin. [was] in violation of witness tampering" (Doc. 1, p. 14).  On 7/10/15, Defendants Groves and Ebbers threatened and intimidated Plaintiff.  On September 28, 2015, "Admin." placed violent inmates in Plaintiff's cell.[3]

Plaintiff seeks compensatory and punitive damages (Doc. 1-2, p. 15)

<u>Discussion</u>

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.  Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:**  Retaliation claims against Defendant Fritts, for taking unspecified action on 1/12/14 and 2/13/14 against Plaintiff because Plaintiff filed complaints; and against unidentified Defendants for planting contraband in Plaintiff's cell on 5/13/14;

**Count 2:**  Eighth Amendment claims against Defendants Shah, Christine Brown, Stacy Brown, Rector, Marsh Hill, and Laura, for deliberate indifference to Plaintiff's medical needs on multiple occasions between January 2014 and April 2015;

**Count 3:**  Fourteenth Amendment claim for deprivation of personal property and/or inmate trust fund monies without due process on various dates in 2014, against Defendants C/O Hill, Bowerman, and unidentified Defendants;

**Count 4:**  Eighth Amendment claims and retaliation claims against Defendant Belford, for threatening Plaintiff with harm, assaulting him, disseminating information to other inmates that placed Plaintiff at risk of harm, and interfering

---

[3] This claim also appears to overlap with Plaintiff's claim in *Malone v. Heidemann, et al.*, Case No. 15-cv-1104-MJR-SCW (S.D. Ill., filed Oct. 6, 2015), in which he says he was attacked by a violent cellmate in September 2015.

with Plaintiff's grievances; and against Defendants Lawless, Lively, Flatt, Gabby, and Hoff for observing these incident(s) and failing to intervene on Plaintiff's behalf, between September 2013 and June 2014;

**Count 5:**  Claims against unidentified Defendants for denial of access to the courts/denial of access to the law library, between November 2013-January 2014, and in February and April 2015;

**Count 6:**  Eighth Amendment excessive force claim against members of the Defendant Orange Crush team, for assaulting Plaintiff on March 24, 2014, and forcing him to remain in his wheelchair until he urinated and defecated on himself;

**Count 7:**  First Amendment claim against Defendants Selby and Malcome for interfering with Plaintiff's practice of his religion, by destroying or discarding Plaintiff's bible concordance on October 9, 2014;

**Count 8:**  Eighth Amendment claim against Defendant Selby for threatening Plaintiff with segregation over his use of the shower on October 10, 2014;

**Count 9:**  First Amendment claim against Defendant Duvall for denying Plaintiff access to religious services on July 30, 2015;

**Count 10:**  Claims under the Americans with Disabilities Act ("ADA") against Defendants IDOC and/or Wexler Health Care Services for failing to provide ADA programs, jobs, adequate showers, or clothing, between October 2014 and September 2015, and against Defendant Bailey for refusing Plaintiff an ADA shower on February 7, 2014;

**Count 11:**  Claim against Defendant Bailey for threatening Plaintiff with segregation on January 2, 2015, if he requested to shower more than once per week;

**Count 12:**  Claims against Defendants Bailey, Winberry, and Vanzandt for issuing false disciplinary reports against Plaintiff on August 29, 2015;

**Count 13:**  Claims against Defendants Groves and Ebbers for threatening and intimidating Plaintiff on July 10, 2015;

**Count 14:**  Eighth Amendment claim against unidentified Defendants for placing violent inmates in Plaintiff's cell on September 28, 2015;

**Count 15:**  Miscellaneous claims against unidentified Defendants, including imposing the brunch program, failing to maintain a malfunctioning elevator, and witness tampering.

The variety of claims against different Defendants raises the question of whether all Plaintiff's claims may properly proceed together in the same action.  In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.  *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).  Claims against different Defendants, which do not arise from a single transaction or occurrence (or series of related transactions/occurrences) and do not share a common question of law or fact, may not be joined in the same lawsuit.  *See* FED. R. CIV. P. 20(a)(2).  Further, a prisoner who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different lawsuits."  *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010) (citing *George*).  The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21, or to dismiss improperly joined Defendants.  *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Plaintiff's Complaint is just such a "buckshot complaint" as described in *Turley*.  It contains at least twelve unrelated groups of claims against different defendants.  Counts 7 and 8 include different claims against Defendant Selby, one of which also involves Defendant Malcome; these two counts may be properly joined into one case because Defendant Selby is named in each.  *See* FED. R. CIV. P. 18.  Likewise, Defendant Bailey is named in Counts 10, 11, and 12, so those three counts may be joined in the same case.  However, each of the remaining counts (1, 2, 3, 4, 5, 6, 9, 13, 14, and 15) involves different Defendants and distinct actions

and/or incidents occurring on different dates. They do not share any common issues of law or fact with each other, nor with the claims in Counts 7, 8, 10, 11, or 12.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court will sever the unrelated claims into separate actions and will open a new case with a newly-assigned case number for each set of severed claims. Plaintiff shall be assessed an additional filing fee for each of the newly severed cases.

Count 1 shall remain in this action.

Count 4, which primarily involves Defendant Belford, shall be dismissed without prejudice from this action as duplicative of Plaintiff's pending claims in *Malone v. Heidemann, et al.*, Case No. 15-cv-1104-MJR-SCW (S.D. Ill., filed Oct. 6, 2015). Count 14 also appears to be duplicative of the claims raised by Plaintiff in Case No. 15-1104, although Plaintiff does not associate any specific Defendants with the claim in Count 14. Because of this apparent duplication, Count 14 shall also be dismissed without prejudice from this action.

Count 15, which involves miscellaneous sketchy claims against unidentified parties, shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. A number of Defendants who have not been mentioned in the statement of claim shall also be dismissed without prejudice.

The remaining claims shall be severed into eight separate actions as described in the "Disposition" section below. Each of these newly-severed cases shall undergo preliminary review pursuant to § 1915A after the new case number and judge assignment has been made. Plaintiff is advised that some of the severed claims may be subject to further severance if the merits review discloses that claims are not properly joined. The merits of Count 1 shall be reviewed below.

**<u>Count 1 – Retaliation - Merits Review Pursuant to 28 U.S.C. § 1915A</u>**

In the prison context, where an inmate is alleging retaliation, the inmate must identify the reasons for the retaliation as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The Plaintiff must have engaged in some protected First Amendment activity (for example, filing a grievance or otherwise complaining about conditions of confinement), experienced an adverse action that would likely deter such protected activity in the future and must allege that the protected activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim and in a claim for retaliation, the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Higgs*, 286 F.3d at 439.

In the first portion of Count 1, Plaintiff asserts that on January 12, 2014 and February13, 2014, Defendant Fritts retaliated against him "for complaints filed" (Doc. 1, p. 13). Filing complaints over prison conditions is a protected activity, so this allegation states a reason for the alleged retaliation. However, Plaintiff fails to state any facts describing "the act or acts claimed to have constituted retaliation" on the part of Defendant Fritts. Thus, Plaintiff does not state the bare essentials of a retaliation claim against Defendant Fritts, and this claim is subject to dismissal.

The second portion of Count 1 is also defective. Plaintiff claims that on May 13, 2014, unidentified Defendants planted contraband in his cell. This describes an adverse action that certainly could deter a prisoner from engaging in protected First Amendment activity. However,

Plaintiff fails to connect this action with any protected activity on his part that might have triggered the retaliation.   Accordingly, this portion of Count 1 also fails to state a claim upon which relief may be granted.

For these reasons, **Count 1** shall be dismissed without prejudice.  However, Plaintiff will be allowed an opportunity to submit an amended complaint in this action, limited to the claims in Count 1 only, to correct the deficiencies in his pleading.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case (which, following severance of the other claims, shall consist only of the claims in Count 1) shall be dismissed with prejudice.  Such a dismissal shall count as a strike pursuant to § 1915(g).  The amended complaint shall be subject to review under § 1915A.

<u>**Dismissal of Additional Defendants**</u>

In addition to the defendants identified with Counts 1-15, a number of other individual defendants are listed, but the body of the Complaint contains no allegations against them.  These defendants who are not associated with any claims are:  Lashbrook, Spiller, Edwards (wardens or former wardens at Pinckneyville); Godinez (former IDOC Director); Officers Cleland, Snokia, Furlow, Bradley, Baker, Lind, Uraski, Wolfe, Myers, Cooley, Haigney, and Bryant; Counselors Hubbard, Melvin, and Brown; Deen (grievance officer); Goeting (trust fund officer); Bryant (state representative); Allen and Benton (office of inmate issues); Huseman; and health care providers Scott, Chapman, Dan, Samantha, Lecrone, and Gail.

Plaintiffs are required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the

defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

As for those defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions.  *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted).  Plaintiff has not alleged that any of the supervisory defendants was "personally responsible for the deprivation of a constitutional right," *id.*, and a defendant cannot be liable merely because he supervised a person who caused a constitutional violation.

For the above reasons, Defendants Lashbrook, Spiller, Edwards, Godinez, Cleland, Snokia, Furlow, Bradley, Baker, Lind, Uraski, Wolfe, Myers, Cooley, Haigney, Bryant, Hubbard, Melvin, Brown, Deen, Goeting, Bryant, Allen, Benton, Huseman, Scott, Chapman, Dan, Samantha, Lecrone and Gail will be dismissed from this action without prejudice.

In addition, the Law Library shall be dismissed as a Defendant, with prejudice.  The prison law library is a part of the Illinois Department of Corrections, which is a state government agency.  Neither a State nor its agencies are "persons" under § 1983, and thus cannot be sued for damages in a civil rights action.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment).

## Pending Motions

Plaintiff has filed a motion for recruitment of counsel (Doc. 3).  The dismissal of Count 1 and of the cComplaint in this action without prejudice raises the question of whether Plaintiff is

capable of drafting a viable amended complaint without the assistance of counsel.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

In the motion, Plaintiff states that he has written letters to attorneys in his efforts to secure counsel, but has been unsuccessful. He attaches copies of some of those letters to his motion to reconsider appointment of counsel (Doc. 8). At this stage, it appears that Plaintiff has made reasonable efforts to obtain counsel.

As to the second inquiry, Plaintiff reveals that his education includes "some college." He also states that he has bad eyesight, carpal tunnel in his hands, is wheelchair bound and is

ignorant of the law (Doc. 3, p. 2).  Nonetheless, the Complaint, as well as the pleadings in Plaintiff's several other cases brought in this Court, reflects that Plaintiff is articulate and capable of stating the relevant facts and his legal claims.  At this juncture, the Court is merely concerned with whether the claims in Count 1 can get out of the gate, so to speak, and all that is required is for Plaintiff to include more factual content regarding the alleged acts of retaliation and the protected activity that precipitated the retaliation.  Plaintiff alone has knowledge of these facts, and no legal training or knowledge is required to set them down on paper.   Therefore, the recruitment of counsel is not warranted at this time and the motion (Doc. 3) is **DENIED** without prejudice.  For the same reasons, the motion to reconsider appointment of counsel (Doc. 8) is **DENIED** without prejudice.  The Court will remain open to appointing counsel as the case progresses.

The motion for service of process at government expense (Doc. 4) is **DENIED** without prejudice.  Because Count 1 will be dismissed, no service will be ordered unless Plaintiff submits an amended complaint that survives review pursuant to § 1915A.

### <u>Disposition</u>

The Clerk is **DIRECTED** to add **C/O BOWERMAN** as a Defendant.

**COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**COUNTS 4 and 14** are **DISMISSED** without prejudice, as duplicative of Plaintiff's claims now pending in *Malone v. Heidemann, et al.*, Case No. 15-cv-1104-MJR-SCW (S.D. Ill., filed Oct. 6, 2015).

**COUNT 15** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Defendants **LASHBROOK, SPILLER, EDWARDS, GODINEZ, CLELAND, LIVLY, SNOKIA, FURLOW, LAWLESS, BRADLEY, BAKER, LIND, URASKI, BELFORD, WOLFE, MYERS, GABBY, HUFF, COOLEY, HAIGNEY, C/O BRYANT, FLATT, HUBBARD, MELVIN, BROWN, DEEN, GOETING, TERRI BRYANT, ALLEN, BENTON, HUSEMAN, SCOTT, CHAPMAN, DAN, SAMANTHA, LECRONE**, and **GAIL** are **DISMISSED** from this action without prejudice.   Defendant **LAW LIBRARY** is **DISMISSED** from this action with prejudice.

**IT IS HEREBY ORDERED** that Plaintiff's claims in **COUNTS 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, and 13**, which are unrelated to the claims in **Count 1,** are **SEVERED** into eight new cases, as follows:

**First Severed Case:**   (Count 2) claims under the Eighth Amendment for deliberate indifference to Plaintiff's medical needs, against Defendants Shah, Christine Brown, Stacy Brown, Rector, Hill, and Laura, on multiple occasions between January 2014 and April 2015;

**Second Severed Case:**   (Count 3) claim under the Fourteenth Amendment for deprivation of personal property and/or inmate trust fund monies without due process on various dates in 2014, against Defendants C/O Hill, Bowerman, and unidentified Defendants;

**Third Severed Case:**   (Count 5) claims against unidentified Defendants for denial of access to the courts/denial of access to the law library, between November 2013-January 2014, and in February and April 2015;

**Fourth Severed Case:**   (Count 6) Eighth Amendment excessive force claim against members of the Defendant Orange Crush team, for assaulting Plaintiff on March 24, 2014, and forcing him to remain in his wheelchair until he urinated and defecated on himself;

**Fifth Severed Case:** Counts 7 and 8 –
(Count 7)  First Amendment claim against Defendants Selby and Malcome for interfering with Plaintiff's practice of his religion, by destroying or discarding Plaintiff's bible concordance on October 9, 2014; and
(Count 8)  Eighth Amendment claim against Defendant Selby for threatening Plaintiff with segregation over his use of the shower on October 10, 2014;

**Sixth Severed Case:**   (Count 9) First Amendment claim against Defendant Duvall for denying Plaintiff access to religious services on July 30, 2015;

**Seventh Severed Case:**  Counts 10, 11, and 12 –

(Count 10) Claims under the Americans with Disabilities Act ("ADA") against Defendants IDOC and Wexler Health Care Services for failing to provide ADA programs, jobs, adequate showers, or clothing, between October 2014 and September 2015, and against Defendant Bailey for refusing Plaintiff an ADA shower on February 7, 2014;

(Count 11) Claim against Defendant Bailey for threatening Plaintiff with segregation on January 2, 2015, if he requested to shower more than once per week; and

(Count 12) Claims against Defendants Bailey, Winberry, and Vanzandt for issuing false disciplinary reports against Plaintiff on August 29, 2015;

**Eighth Severed Case:**  (Count 13) Claims against Defendants Groves and Ebbers for threatening and intimidating Plaintiff on July 10, 2015.

The claims in each newly severed case shall be subject to merits review pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made.  In each new case, the Clerk is **DIRECTED** to file the following documents:

(1)     This Memorandum and Order
(2)     The Original Complaint and exhibits (Docs. 1, 1-1, 1-2, 1-3, 1-4, and 1-5)
(3)     Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2)

Plaintiff **will be responsible for an additional $350.00 filing fee** in each new case.  No service shall be ordered on the Defendant(s) in the severed cases until the § 1915A review is completed.

IT IS FURTHER ORDERED that the ***only claim remaining in this action is COUNT 1*** against Defendant Fritts and Unknown Defendant(s).  This case shall now be captioned as:

**WILLIAM A. MALONE, Plaintiff, vs. C/O FRITTS and UNKNOWN PARTY, Defendants.**

IT IS FURTHER ORDERED that Defendants **MALCOME, GROVES, BAILEY, WINBERRY, EBBERS, DUVALL, SELBY, VANZANDT, ORANGE CRUSH TEAM, C/O**

**HILL, CHRISTINE BROWN, WEXLER HEALTH CARE SERVICES, SHAH, RECTOR, STACY BROWN, MARSH HILL, LAURA, IDOC, and BOWERMAN** are **TERMINATED** from ***this*** action with prejudice.

Because **Count 1** has been dismissed pursuant to § 1915A, the Complaint (Doc. 1) is **DISMISSED** from this action without prejudice, for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with the retaliation claims in **Count 1** in this case, Plaintiff shall file his First Amended Complaint in this action, within 35 days of the entry of this order (on or before October 3, 2016).  It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions.  He should label the pleading "First Amended Complaint" and include Case Number 16-cv-200-SMY.  The amended complaint shall include relevant facts to support the retaliation claims in **Count 1** against Defendant Fritts and the Unknown Defendant(s) as designated by the Court above.  Plaintiff shall specify the actions (or omissions) alleged to have been taken by each Defendant.  New individual Defendants may be added if they were personally involved in the constitutional violations alleged in Count 1.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendant(s) name(s) where necessary to identify the actor(s) and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint; instead, Plaintiff must start over "from scratch" when he drafts the amended complaint.  Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's

claims and must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any *relevant* exhibits he wishes the Court to consider along with the First Amended Complaint.

Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.  Plaintiff shall note that if the amended complaint reveals that Count 1 contains unrelated claims against different Defendants, this case may be subject to further severance, and additional filing fee(s) may be assessed.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 29, 2016**

s/ STACI M. YANDLE
United States District Judge