IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM MALONE, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 3:16-cv-0975-NJR |
| | ) |
| ORANGE CRUSH, | ) |
| | ) |
|         Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff William Malone is currently incarcerated at the Pinckneyville Correctional Center in Pinckneyville, Illinois. (Doc. 2 at 1.) Proceeding *pro se*, Malone previously filed a complaint under 42 U.S.C. § 1983, alleging that separate groups of officials violated his rights in several disparate ways during his time at Pinckneyville. (*Id.* at 13-14.) Malone's original complaint was severed into nine cases, including this case. (Doc. 1 at 15.) This case concerns whether Defendant "Orange Crush" violated Malone's rights when Malone was attacked by officials on March 24, 2014, and then forced to remain in his wheelchair until he urinated on himself. (*Id.*) Malone appears to seek money damages.

This matter is now before the Court for a review of Malone's complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During the § 1915A review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim" or if it "seeks monetary relief from a defendant who is immune."

### Background

Although Malone's complaint spans ninety pages with exhibits, the narrative of his complaint consists of only two handwritten pages. (Doc. 2 at 13-14.) In those two pages, Malone lists a number of dates, and then next to those dates, he includes a few sentences describing the violation that occurred. (*Id.*) In connection with that list, Malone has named more than fifty defendants, but there is only one section linked to Defendant Orange Crush. (*Id.* at 13.) As it concerns the Orange Crush organization, Malone states that members of Orange Crush came into his cell on March 24, 2014, handcuffed his hands behind his back, pushed his head between his knees, shoved his wheelchair, shoved his head and neck into the "phone wall," poked a baton into his back, spit on him while yelling at him, kicked his wheelchair, and grabbed him by the back of the neck. (*Id.*) Orange Crush staff then forced Malone to remain in a punitive position for one-hundred-and-forty minutes, which caused Malone to urinate and defecate on himself. (*Id.*) When he was returned to his cell, Malone found that his property had been destroyed. (*Id.*)

Malone filed seventy-five pages of exhibits with his complaint. (*See* Doc. 2.) While some of those exhibits might relate to Malone's excessive force claims, the Court is unable to easily assess that question at this juncture, as Malone has not included any narrative detail about those exhibits or referenced those exhibits in the statement of claim section of his complaint.

### Discussion

Malone's severed complaint primarily concerns excessive force, so the Court will start there (**Count 1**). To put forth an excessive force claim, a prisoner must allege that an official assaulted him and that the official carried out the assault "maliciously and sadistically, rather than as part of a good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010). While there are some allegations in the complaint concerning an assault,

Malone's excessive force claim must be dismissed for two reasons. For one, Malone has only named "Orange Crush" as an entity as the liable party, and that entity, which looks to be at best a sub-agency or sub-group within the Illinois Department of Corrections, is not a person subject to suit under § 1983. *See*, *e.g.*, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69-71 (1989); *Levenstein v. Salafsky*, 414 F.3d 767, 772 (7th Cir. 2005). In addition, to the extent Malone sought to implicate multiple individual officers by way of his "Orange Crush" entity designation, he has lumped his allegations against "Orange Crush" as a whole, rather than state the name of the officer who harmed him and lay out what that officer did. That kind of lumping not only runs afoul of the notice requirements of Federal Rule of Civil Procedure 8, *see Bank of America, N.A. v. Knight*, 725 F.3d 815, 818-19 (7th Cir. 2013), but it is also inconsistent with the way that § 1983 imposes liability. Section 1983 creates a cause of action based on personal liability and predicated upon fault—to be liable, each named official "must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). To state a viable claim, Malone needs to identify each officer that assaulted him, either by name or by Doe designation, and then put forth a narrative as to what each officer did. Because Malone has sued an entity not capable of suit under § 1983, and because he has not parsed his allegations against individual officers, **Count 1** must be dismissed without prejudice.

Malone also suggests that various Orange Crush officials destroyed his property after the excessive force incident (**Count 2**). This claim suffers from the same defects mentioned above, as well as a more fundamental problem. Allegations concerning the intentional destruction of property by a state official fail to state a claim under § 1983 if the destruction is not done pursuant to an established state procedure and if the state makes available an adequate post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[W]e hold that an

unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Johnson v. Wallich*, 578 F. App'x 601, 602 (7th Cir. 2014) ("When a state official's conduct is random and unauthorized, due process requires only that an adequate post-deprivation remedy exists."). Here, Malone seems to allege that unspecified officers intentionally destroyed his property, and he does not suggest that these losses resulted from some established procedure on the part of the state. *See Johnson*, 578 F. App'x at 602. In addition, the Seventh Circuit has held that the State of Illinois provides an adequate remedy for these types of deprivation claims via the Illinois Court of Claims. *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993). Because Illinois provides an adequate remedy, **Count 2** must be dismissed without prejudice.

The question remains whether Malone's entire complaint should be dismissed with prejudice and his case closed, or whether his complaint should be dismissed without prejudice and he should be given an opportunity to file an amended complaint. In both prisoner and non-prisoner matters, the Court typically allows a plaintiff at least one opportunity to submit an amended complaint that might cure the problems with the original complaint, especially if the original complaint is dismissed on pleading deficiencies. *See Childress v. Walker*, 787 F.3d 433, 441-42 (7th Cir. 2015). The Court is convinced that permitting an amendment is the right path here. Malone will have twenty-eight days from the date of this order to submit an amended complaint that names as defendants the Orange Crush officers involved in the incident on March 24, 2014, either by name or by John or Jane Doe designation. The amended complaint should put forth a narrative as to how each of those officers violated Malone's rights on March 24th.

One closing note is in order concerning an omnibus motion that Malone filed shortly after this case was severed away from his original complaint. On September 8, 2016, Malone filed a motion for "relief from multiple violations," stating that he was being retaliated against for filing suit by non-Orange Crush officials, that he is being denied access to the law library, and that he needs an extension of time to meet the Court's orders. (Doc. 5.) He asked the Court to direct law library access, to give him an unspecified extension of time, and to issue an order putting prison administration on notice that the Court is aware of retaliation allegations. Malone's motion must be denied for now in all respects. As it concerns his references to retaliation, his statements concern defendants not at issue in this severed matter, and either way Malone does not ask the Court for any preliminary injunctive relief but instead seeks an order advising Pinckneyville officials that the Court is "aware" of retaliation allegations. An advisory "awareness" declaration is not the kind of relief that the Court can provide. As it concerns Malone's request for an extension of time or for access to the law library, there was no pending deadline at the time that Malone's motion was submitted in this severed matter, and there is no need for Malone to conduct legal research to file his First Amended Complaint.

In the same omnibus motion, Malone also has asked the Court to appoint him counsel to assist him with this case. (Doc. 5.) The Court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant, but counsel is only proper when the "difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). This case is not so difficult as to necessitate counsel, especially at this early juncture. *Westbrook v. Boy Scouts of America*, 560 F. App'x 574, 577-78 (7th Cir. 2014); *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). Malone's motion for counsel is reasonably articulate, and all that is required at this

stage is for Malone to put forth a factual narrative laying out what each officer did to him on March 24, 2014. The Court is of the view that Malone is able to do that, so the motion must be denied for now. Malone is free to submit another motion for counsel at a later point.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Malone's complaint (Doc. 2) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before **December 15, 2016**). It is strongly recommended that Plaintiff use the form designed for use in this Court for civil rights actions. Plaintiff should label the pleading "First Amended Complaint," and he should include Case Number 16-cv-0975-NJR. The First Amended Complaint should name as defendants the officer or officers who harmed Malone on March 24, 2014, and should lay out, in a straightforward, chronological narrative, how each of the named defendants in this severed proceeding were involved in the attack. If Malone does not know the names of the officers who were involved, he can identify them by Doe designation, but if there were multiple officers involved, he should use multiple John Doe designations and state how each Doe was involved. For example, if three officers were involved, he should name John Doe 1, John Doe 2, and John Doe 3 as defendants, and his narrative should chronologically state what each Doe officer did on March 24th (that John Doe 1 pushed his head into a wall, that John Doe 2 forced him into an uncomfortable position, that John Doe 3 clutched his neck, and so on).

An amended complaint supersedes and replaces all previous complaints, rendering previous complaints void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First

Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with his First Amended Complaint. Failure to file a First Amended Complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his First Amended Complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's motion for relief from violations, which includes his motion for appointment of counsel (Doc. 5), is **DENIED**.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: November 17, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**